UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-97-TAV-DCP |
| | ) | |
| CHRISTOPHER MICHAEL ANDERSON, | ) | |
| AMANDA EGGERS, and | ) | |
| BRITTANY ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Amanda Eggers' Motion to Continue Trial and All Relevant Deadlines [Doc. 30], filed on October 5, 2025. Defendant Christopher Anderson moves to join the motion to continue [Doc. 32].

Defendant Eggers requests the Court to continue the trial date, set for November 4, 2025, and all relevant deadlines [Doc. 30]. In support of the motion, Defendant Eggers states her counsel has not received the full complement of discovery and that as a result, her counsel has not been able to complete any meaningful discussion of the case and any potential defenses with Defendant and is not in a position to determine what pretrial motions would be appropriate [*Id.* ¶ 1]. Because Defendant's counsel is still undertaking investigation in this case and has not had adequate discussion with Defendant, Defendant's counsel states he cannot fulfill his obligations to provide effective assistance of counsel unless the trial and all relevant deadlines are continued [*Id.* ¶ 2]. Defendant's counsel has discussed her Speedy Trial Act rights with her and Defendant does not

oppose a continuance of the trial in this cause [*Id.* ¶ 4]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 3].

Codefendant Christopher Anderson filed a motion to continue, joining the motion filed by Defendant Eggers, adopting the factual averments and representing that they are applicable to his case as well [Doc. 32 p. 1]. Codefendant Christopher Anderson agrees that all the time between the filing of the motion and the trial date is excludable for speedy trial purposes [*Id.*]. Codefendant Brittany Anderson similarly filed a notice of no objection to the motion to continue and states she understands that the period of time between the filing of the motion for a continuance and the rescheduled court date is fully excludable for speedy trial purposes [Doc. 33 p. 1].

The Court finds Defendant Eggers' motion to continue the trial and schedule to be well-taken and unopposed by the Government or Defendant Brittany Anderson. The Court also finds that Defendant Christopher Anderson has joined in the motion. The Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendants' counsel need more time to review discovery, consult with Defendants, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 4, 2025 trial date.

The Court therefore **GRANTS** Defendant Amanda Eggers' Motion to Continue Trial and All Relevant Deadlines [**Doc. 30**]. The trial of this case is reset to **April 28, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice

are served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on October 5, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Amanda Eggers' Motion to Continue Trial and All Relevant Deadlines [**Doc. 30**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 28, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 5, 2025**, and the new trial date of **April 28, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for pretrial motions is extended to **November 5, 2025**, and responses to motions are due on or before **November 19, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 27, 2026**;

(6) the deadline for filing motions *in limine* is **April 13, 2026**, and responses to motions *in limine* are due on or before **April 21, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 16, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 17, 2026.**

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge